BESSIE LAMBERT, ADMINISTRATRIX AD PROSEQUEN-
DUM OF WILLIAM T. LAMBERT, DECEASED, PLAIN-
TIFF, v. M. SATSKY TRUCKING COMPANY, A CORPORA-
TION, AND NATHANIEL ANDERSON, DEFENDANTS.

Submitted January 24, 1938—Decided June 12, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD
and PARKER.

For the motion, *Harry Levin.*

*Contra, William Bruder (John F. Ryan,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. At the trial of this case at the Union
Circuit of this court, the plaintiff obtained a verdict against
both defendants. Thereupon the defendant M. Satsky Truck-
ing Company applied for and obtained from this court a rule
to show cause why the verdict should not be set aside and a
new trial granted. Upon the return of that rule the court
(118 *N. J. L.* 485) in an opinion by Mr. Justice Parker,
upon finding that the verdict was not sustained by evidence,
determined that "the verdict for the plaintiff will be set aside
as to the Satsky company and a new trial ordered," pointing

out that the evidence showed that Anderson, the servant of the company, whose negligence resulted in the plaintiff's injury, was doing the master's business in a forbidden manner, the court saying that "Katz, the company's superintendent, testified, and we think without contradiction, that the orders were definite and positive against delivering in anything but the company's trucks." The court then ordered, on application of the defendant company, "that the rule to show cause be and the same is hereby made absolute, and the verdict and judgment be and hereby is set aside as to M. Satsky Trucking Company, *and a new trial granted;* and it is further ordered that this order is entered without prejudice to the further application defendant desires to make to this court for the entry of judgment in its favor instead of a new venire."

Now comes the defendant company with its motion for the entry of judgment in its favor.

We remark, in passing, that the defendant company obtained from the Supreme Court precisely the relief it asked for on its rule to show cause. It asked that the verdict be set aside *and a new trial granted.* This was done. We also remark that the fact that it obtained permission to make this motion is nowise controlling upon the disposition of that motion.

Now we believe it has generally been regarded as well settled that on defendant's rule to show cause why plaintiff's verdict should not be set aside and a new trial granted, where there is no evidence to sustain the verdict, and when the justice of the case requires it, the court will ordinarily grant a new trial without more, though having power in a proper case to give final judgment. *Lehigh Valley Railroad Co.* v. *McFarland,* 44 *N. J. L.* 674; *Hoyt* v. *Newbold,* 45 *Id.* 219; *Horandt* v. *Central Railroad Co.,* 78 *Id.* 190. See, also, 3 *Am. Jur.* 719, 720.

Generally it may be said that where it appears from a consideration of the record, that the losing party can probably make a better showing on a new trial, and is not precluded therefrom by what is in legal effect an agreed case, the discre-

tionary power to award a final judgment will not ordinarily be exercised.

Tested by these rules we think an examination of the record shows that a sound judicial discretion was used in awarding a new trial, and hence the motion for final judgment will be denied, but without costs.